UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARTIN A. JARVIS,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | NO. C16-5724-JPD<br><br><br><br>ORDER |

Plaintiff Martin A. Jarvis appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") that denied his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court AFFIRMS the Commissioner's decision.

I.   FACTS AND PROCEDURAL HISTORY

Plaintiff is a 46-year-old man with a high school diploma. Administrative Record ("AR") at 51. His past work experience includes employment as a sawmill laborer. AR at 287. Plaintiff was last gainfully employed in June 2010. *Id*.

In June 2012, Plaintiff filed for SSI and DIB, alleging an onset date of March 22, 2012.

ORDER - 1

1  AR at 218-28.  Plaintiff asserted that he is disabled due to back problems.  AR at 278.

2  The Commissioner denied Plaintiff's claim initially and on reconsideration.  AR at 134-
37, 143-47.  Plaintiff requested a hearing, which took place on April 30, 2014.  AR at 41-87.
On October 16, 2014, the ALJ issued a decision finding Plaintiff not disabled and denied
benefits based on her finding that Plaintiff could perform a specific job existing in significant
numbers in the national economy.  AR at 24-35.  After reviewing additional evidence, the
Appeals Council denied Plaintiff's request for review.  AR at 1-8.  On August 18, 2016,
Plaintiff timely filed the present action challenging the Commissioner's decision.  Dkt. 1, 3.

## II.   JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III.   STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that

ORDER - 2

must be upheld.  *Id.*

## IV. EVALUATING DISABILITY

As the claimant, Mr. Jarvis bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act").  *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted).  The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The claimant bears the burden of proof during steps one through four.  At step five, the burden shifts to the Commissioner.  *Id.*  If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps.  Step one asks whether the claimant is presently engaged in "substantial gainful activity."  20 C.F.R. §§ 404.1520(b), 416.920(b).[1]  If he is, disability benefits are denied.  If he is not, the Commissioner proceeds to step two.  At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical

---

[1] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit.  20 C.F.R. § 404.1572.

or mental ability to do basic work activities. If the claimant does not have such impairments, he is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

V.   DECISION BELOW

On October 16, 2014, the ALJ found:

1. The claimant meets the insured status requirements of the Act through December 31, 2017.

2. The claimant has not engaged in substantial gainful activity since March 22, 2012, the alleged onset date.

3. The claimant's lumbar degenerative disc disease, post laminectomy syndrome, and social phobia are severe impairments.

ORDER - 4

|     |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                       |
| --- | --- |
| 4.  | The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. |
| 5.  | The claimant has the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b), in that he can lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand for up to six hours in an eight-hour workday; sit for up to six hours in an eight-hour workday. He can walk for no more than two hours in an eight-hour workday. He can never climb ladders, ropes or scaffolds. He can less than occasionally climb stairs and occasionally stoop, kneel, crouch, crawl and balance. He must avoid concentrated exposure to high impact vibrations and hazards such as unprotected heights or moving machinery. After sitting or standing for approximately one hour, he needs the opportunity to change positions for approximately 5 to 15 minutes without losing production pace. After approximately two hours of work (consistent with normal workday breaks) he needs to have the opportunity to change positions or take a break for 15 minutes. After approximately four hours of work (consistent with normal workday breaks), he needs to have the opportunity to change positions or take a break for approximately 30 minutes. He cannot have public contact, but he can have occasional coworker contact that does not require teamwork. |
| 6.  | The claimant is unable to perform any past relevant work. |
| 7.  | Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform. |
| 8.  | The claimant has not been under a disability, as defined in the Act, from March 22, 2012, through the date of the decision. |

AR at 26-35.

## VI.  ISSUES ON APPEAL

The principal issues on appeal are[2]:

1. Whether the ALJ erred in assessing the medical evidence;

2. Whether the ALJ erred in discounting Plaintiff's subjective testimony; and

---

[2] Plaintiff's brief also raises a challenge to the ALJ's RFC assessment and step-five findings, but in doing so reiterates arguments made elsewhere. Dkt. 13 at 15. Accordingly, this issue need not be addressed separately.

ORDER - 5

3.  Whether the evidence submitted for the first time to the Appeals Council provides a basis for reversing the ALJ's decision and remanding for further proceedings.

Dkt. 13 at 1.

## VII.   DISCUSSION

A.  <u>The ALJ did not err in assessing the medical evidence.</u>

1.  *Legal standards*

As a matter of law, more weight is given to a treating physician's opinion than to that of a non-treating physician because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Magallanes*, 881 F.2d at 751; *see also Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). A treating physician's opinion, however, is not necessarily conclusive as to either a physical condition or the ultimate issue of disability, and can be rejected, whether or not that opinion is contradicted. *Magallanes*, 881 F.2d at 751. If an ALJ rejects the opinion of a treating or examining physician, the ALJ must give clear and convincing reasons for doing so if the opinion is not contradicted by other evidence, and specific and legitimate reasons if it is. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1988). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citing *Magallanes*, 881 F.2d at 751). The ALJ must do more than merely state his/her conclusions. "He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). Such conclusions must at all times be supported by substantial evidence. *Reddick*, 157 F.3d at 725.

The opinions of examining physicians are to be given more weight than non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Like treating physicians, the

ORDER - 6

uncontradicted opinions of examining physicians may not be rejected without clear and convincing evidence.  *Id.*  An ALJ may reject the controverted opinions of an examining physician only by providing specific and legitimate reasons that are supported by the record. *Bayliss,* 427 F.3d at 1216.

Opinions from non-examining medical sources are to be given less weight than treating or examining doctors.  *Lester*, 81 F.3d at 831.  However, an ALJ must always evaluate the opinions from such sources and may not simply ignore them.  In other words, an ALJ must evaluate the opinion of a non-examining source and explain the weight given to it.  Social Security Ruling ("SSR") 96-6p, 1996 WL 374180, at *2.  Although an ALJ generally gives more weight to an examining doctor's opinion than to a non-examining doctor's opinion, a non-examining doctor's opinion may nonetheless constitute substantial evidence if it is consistent with other independent evidence in the record.  *Thomas*, 278 F.3d at 957; *Orn*, 495 F.3d at 632-33.

2.  *Plaintiff has not shown error in ALJ's failure to discuss certain medical findings*

Plaintiff's brief contains a summary of medical findings, along with an allegation that the ALJ erred in failing to "completely discuss" these findings and "by failing to acknowledge" that these findings support Plaintiff's testimony.  Dkt. 13 at 3-7.  But the ALJ is not required to discuss every piece of medical evidence, but only to explain why significant, probative evidence has been rejected.  *See Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984).

Because Plaintiff has not shown that the findings are significant, probative, or have been rejected, Plaintiff has not identified an error.  For example, Plaintiff argues that the ALJ erred in failing to discuss his physical therapist's clinical findings (Dkt. 13 at 4 (citing AR at 476)), but the findings do not address any functional limitations and are therefore not probative

ORDER - 7

to the ALJ's determination of Plaintiff's RFC.  Plaintiff has also not shown that the physical therapist's findings are inconsistent with the ALJ's RFC assessment, and therefore has not shown that the findings were "rejected" and therefore must be discussed.

Plaintiff also summarizes many of the findings of Mary Eklund, ARNP, in arguing that the ALJ erred in failing to discuss her treatment notes. Dkt. 13 at 3-7.  But the ALJ did address Ms. Eklund's opinion regarding Plaintiff's functionality: Ms. Eklund opined that Plaintiff could return to work in September 2012 without restrictions, and the ALJ found that the evidence showed that Plaintiff was more limited than Ms. Eklund indicated.  AR at 33 (referencing AR at 372-73).  The ALJ addressed the portion of Ms. Eklund's records that were pertinent to the RFC assessment, and Plaintiff does not assign error to the ALJ's findings in that regard. Dkt. 13 at 7.  Again, Plaintiff has not shown that the ALJ ignored the significant, probative portions of Ms. Eklund's records, and therefore has not shown error in the ALJ's assessment of that medical evidence.

3. *The ALJ did not err in assessing a State agency opinion*

Plaintiff argues that the ALJ erred in affording significant weight to an opinion written by State agency consultant Gordon Hale, M.D., because that 2013 opinion was rendered without an opportunity to review subsequent evidence. Dkt. 13 at 7.  But Dr. Hale could not have reviewed evidence that did not exist at the time of his review; the ALJ did review that evidence and considered whether Dr. Hale's opinion was consistent with the remainder of the record. AR at 33.  As acknowledged by Plaintiff, the ALJ found Plaintiff to be more limited than Dr. Hale, based on his testimony. *Id*.  Plaintiff has not identified an error in the ALJ's assessment of Dr. Hale's opinion.

4. *Global Assessment of Functioning ("GAF") scores*

The ALJ noted that Plaintiff's GAF was rated during an intake evaluation.  AR at 33.

ORDER - 8

1  The ALJ found that the score of 49, which indicates serious symptoms or a serious impairment
2  in functioning, was inconsistent with the contemporaneous mental status examination as well
3  as the treatment record, as well as Plaintiff's scant participation in counseling. *Id.*

4  Plaintiff argues that the ALJ erred in rejecting the GAF score because the score is
5  actually consistent with his clinical findings. Dkt. 13 at 7. Plaintiff does not address the
6  inconsistent findings specifically discussed by the ALJ, or show how the ALJ's interpretation
7  of those findings was not reasonable. Accordingly, Plaintiff has failed to show that the ALJ
8  erred in discounting his GAF score. *See Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir.
9  1982) ("Where evidence is susceptible of more than one rational interpretation, it is the ALJ's
10 conclusion which must be upheld. In reaching his findings, the law judge is entitled to draw
11 inferences logically flowing from the evidence.").

12 B.   <u>The ALJ did not err in discounting Plaintiff's subjective testimony.</u>

13 The ALJ provided a number of reasons to discount Plaintiff's subjective testimony: (1)
14 the medical evidence shows that Plaintiff's pain was managed by medication and physical
15 therapy; (2) Plaintiff's mental symptoms improved with minimal treatment; and (3) Plaintiff's
16 activities — including hunting, road trips to Arizona and California, working on his truck,
17 fishing all day, walking a quarter-mile at a time, and vacationing with his family — indicate
18 that he could perform work consistent with the RFC assessment. AR at 29-33.

19 Plaintiff argues that the ALJ erred in discounting his testimony. He first argues that the
20 ALJ's analysis of his testimony was tainted by errors in assessing the medical evidence. Dkt.
21 13 at 8. But, as explained *supra*, the ALJ did not err in assessing the medical evidence, and
22 therefore this argument fails.

23 Plaintiff goes on to argue that the ALJ erred by including a summary of the medical
24 evidence in the section discussing his testimony. Dkt. 13 at 8-9. But the ALJ did not simply

ORDER - 9

recite the medical evidence; she explained the conclusions that she drew from the medical evidence. *See* AR at 32. Thus, this case is distinguishable from *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015) (finding that an ALJ errs in discounting a claimant's testimony "by simply reciting the medical evidence in support of his or her [RFC] determination").

Plaintiff proceeds to challenge the specific reasons provided by the ALJ for discounting his testimony (Dkt. 13 at 9-10), and the Court will address each reason in turn.

1. *Legal standards*

As noted above, it is the province of the ALJ to determine what weight should be afforded to a claimant's testimony, and this determination will not be disturbed unless it is not supported by substantial evidence. A determination of whether to accept a claimant's subjective symptom testimony requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929; *Smolen*, 80 F.3d at 1281. First, the ALJ must determine whether there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b); *Smolen*, 80 F.3d at 1281-82. Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms solely because they are unsupported by objective medical evidence. *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1988). Absent affirmative evidence showing that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony.[3] *Burrell v. Colvin* 775 F.3d 1133, 1136-37 (9th Cir. 2014) (citing

---

[3] In SSR 16-3p, the Social Security Administration rescinded SSR 96-7p, eliminated the term "credibility" from its sub-regulatory policy, clarified that "subjective symptom evaluation is not an examination of an individual's character[,]" and indicated it would more "more closely follow [its] regulatory language regarding symptom evaluation." SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016). However, this change is effective March 28, 2016, and not applicable to the October 2014 ALJ decision in this case. *See* 2016 WL 1237954 (Mar. 24,

ORDER - 10

*Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012)).  *See also Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007).

When evaluating a claimant's subjective symptom testimony, the ALJ must specifically identify what testimony is not credible and what evidence undermines the claimant's complaints; general findings are insufficient.  *Smolen*, 80 F.3d at 1284; *Reddick*, 157 F.3d at 722.  The ALJ may consider "ordinary techniques of credibility evaluation," including a claimant's reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the alleged symptoms.  *Thomas*, 278 F.3d at 958-59 (citing *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997)).

   2.   *Plaintiff's physical pain*

The ALJ found that Plaintiff's pain was "fairly well managed" by physical therapy and medication, and that he denied side effects of medication to providers (although he claimed to experience drowsiness at the hearing).  AR at 32.

Plaintiff argues that the evidence of improvement is not a convincing reason to reject his description of pain that remained despite physical therapy and medication.  Dkt. 13 at 9.  But the ALJ did place many restrictions on Plaintiff's physical abilities: the ALJ limited Plaintiff to light work, with additional restrictions as to postural activities, changing positions, and hazards.  *See* AR at 28.  Thus, it is not clear that the ALJ did reject Plaintiff's testimony about residual pain and limitations.

Furthermore, although Plaintiff points to another instance of his self-reporting medication side effects (Dkt. 13 at 9 (citing AR at 321)), this evidence does not undermine the

---

2016). The Court, moreover, continues to cite to relevant case law utilizing the term credibility.

ALJ's finding that Plaintiff denied side effects such as cognitive slowing or sedation to providers. AR at 32 (citing AR at 393, 504).

Accordingly, Plaintiff has failed to show error in this line of the ALJ's reasoning.

3.  *Plaintiff's mental symptoms*

The ALJ described Plaintiff's mental symptoms, and cited clinical findings and observations that indicated Plaintiff's mental limitations were not disabling. AR at 32-33. Plaintiff argues that the evidence cited by the ALJ "does not prove that his social phobia would not affect his ability to deal with coworkers in a competitive workplace[.]" Dkt. 13 at 9. But the ALJ did not so claim: in fact, the ALJ specifically restricted Plaintiff's ability to interact with coworkers. She limited him to occasional coworker contact that does not require teamwork. AR at 28. Thus, Plaintiff has failed to show error in this line of the ALJ's reasoning.

4.  *Activities*

The ALJ listed some of Plaintiff's activities, and cited them as evidence that Plaintiff could perform work consistent with the RFC assessment. AR at 33. Plaintiff argues that none of the activities cited by the ALJ "meaningfully contradict [his] testimony about his social phobia symptoms" and that the ALJ overlooked that many of the physical activities cited exacerbated his pain. Dkt. 13 at 9-10.

The Court disagrees. Plaintiff testified that he could not be around groups of people. AR at 78. He did, however, report an ability to shop at Walmart for an hour, and interact with a group of 25 people at a family party. AR at 33 (citing AR at 463). The ALJ reasonably found Plaintiff's activities to be inconsistent with his testimony.

Plaintiff also argues that the ALJ ignored evidence that many physical activities exacerbated his pain, and that his hunting trip took place before his alleged onset of disability.

ORDER - 12

Dkt. 13 at 10. But the ALJ did note that Plaintiff's pain increased with some activities, and thus cannot be said to have ignored this evidence. AR at 32. Although the reference to Plaintiff's hunting predates the alleged onset of disability by 20 days (AR at 399), the ALJ's reliance on this evidence is at most harmless error, because of the other (many unchallenged) activities indicating that Plaintiff's symptoms were not as limiting as alleged. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

Plaintiff goes on to summarize his subjective statements at length. Dkt. 13 at 10-15. This summary does not identify or establish error in the ALJ's decision.

C.  <u>Plaintiff has not shown that the Appeals Council evidence undermines the ALJ's decision.</u>

Evidence submitted to the Appeals Council becomes part of the administrative record for the purposes of this Court's review. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012) ("[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence.").

In this case, some of the evidence submitted for the first time to the Appeals Council postdates the ALJ's decision, and the Appeals Council indicated that it does not relate to the period adjudicated by the ALJ. AR at 2, 5. The Appeals Council also indicated that the other evidence that does date to the adjudicated period does not provide a basis to change the ALJ's decision. AR at 2.

Plaintiff's opening brief summarizes the Appeals Council evidence, but does not explain how it undermines the ALJ's decision and/or relates to the adjudicated period. Dkt. 13 at 16-18. In the absence of a persuasive argument that the Appeals Council evidence shows

that the ALJ's decision is not supported by substantial evidence, the Court finds that the new evidence does not provide a basis for reversing the ALJ's decision.

## VIII.   CONCLUSION

The role of this Court is limited.  As noted above, the ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews*, 53 F.3d at 1039.  When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld.  *Thomas,* 278 F.3d at 954.  While it may be possible to evaluate the evidence as Plaintiff suggests, it is not possible to conclude that Plaintiff's interpretation is the only rational interpretation.

For the reasons explained above, the Court AFFIRMS the Commissioner's decision.

DATED this 25th day of July, 2017.

JAMES P. DONOHUE
Chief United States Magistrate Judge